**Luis Enrique Ovalle MARQUEZ, Petitioner, Appellant,**

v.

**UNITED STATES, Respondent, Appellee.**

No. 03–1711.

United States Court of Appeals, First Circuit.

April 6, 2004.

Luis E. Ovalle–Marquez, on brief pro se.

H.S. Garcia, United States Attorney, Susan I. Torres, Assistant United States Attorney, and Thomas F. Klumper, Assistant United States Attorney, on brief for appellee.

Before BOUDIN, Chief Judge, SELYA and LIPEZ, Circuit Judges.

PER CURIAM.

After denying appellant Luis Ovalle–Marquez's 28 U.S.C. § 2255 motion, the district court issued a certificate of appealability (COA) as to the issue whether *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), may be applied retroactively. This court has ruled that *Apprendi* "prescribes a new rule of criminal procedure" that may not be applied retroactively to cases on collateral

review. *See Sepulveda v. United States*, 330 F.3d 55, 63 (1st Cir.2003). This defeats the instant appeal. Contrary to appellant's contentions, *Bunkley v. Florida*, 538 U.S. 835, 123 S.Ct. 2020, 155 L.Ed.2d 1046 (2003)(per curiam), and the additional cases appellant cites do not suggest that *Sepulveda* was wrongly decided.

We also reject appellant's suggestion that only the Supreme Court may decide the retroactivity question.[1] *Sepulveda* remains the law in this circuit unless and until the Supreme Court rules otherwise. Accordingly, the judgment of the district court is *affirmed*. *See* Loc. R. 27(c).

---

1. *See, e.g., Garcia v. United States*, 278 F.3d 1210, 1212–13 & n. 4 (11th Cir.), *cert. denied*, 537 U.S. 895, 123 S.Ct. 180, 154 L.Ed.2d 163 (2002), *Ashley v. United States*, 266 F.3d 671, 673 (7th Cir.2001), *United States v. Lopez*, 248 F.3d 427, 431–32 (5th Cir.2001), *United States v. Sanders*, 247 F.3d 139, 146 n. 4 (4th Cir. 2001).